**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| RUSSELL M. and B.M.,<br><br>       Plaintiffs,<br><br>   v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH,<br><br>       Defendants. | CASE NO: 9:25-CV-81546-EA |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants submit their reply brief in further support of their motion to dismiss. ("Mot.").

## I.    INTRODUCTION

Plaintiffs' Opposition (ECF No. 29 ) ("Opp.") confirms that their claims should be dismissed with prejudice. Plaintiffs are not entitled to any further benefits, and Plaintiffs fail to state a plausible ERISA claim based on an alleged violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA" or "Parity Act"). *First,* Plaintiffs fail to plausibly allege facts that show they are entitled to benefits under the Plan. Under the express terms of the Plan, B.M.'s treatment was not covered. Plaintiffs fail to show how they are entitled to benefits and fail to allege they complied with the terms of the Plan. Because there was no coverage at all for the sought benefits, denying the claims on that basis does not equal a procedural violation and does not entitle Plaintiffs to ERISA benefits. Plaintiffs simply cannot create coverage where none exists. *Second*, Plaintiffs' conclusory Parity Act allegations do not plausibly allege any disparity in coverage and fail to plausibly allege any way in which the Plan treats medical/surgical claims

more favorably than mental health claims. Accordingly, the Court should dismiss the Complaint.

## II.     ARGUMENT

### A. Plaintiffs' claim for benefits fails.

#### 1.     *Plaintiffs fail to show an entitlement to Plan benefits.*

The Court should reject Plaintiffs' efforts to recover benefits that the Plan does not offer. Plaintiffs' benefit claim can succeed only if they plausibly allege entitlement to further benefits under the Plan terms. *Korman v. ILWU-PMA Claims Off.*, No. 218CV07516SVWJPR, 2019 WL 1324021, at *12 (C.D. Cal. Mar. 19, 2019) ("because Plaintiff has not alleged how it is entitled to the particular benefits it seeks under the ERISA Plan provisions, the Complaint fails to set forth a plausible claim for relief under ERISA"). Indeed, the Supreme Court has explicitly held that ERISA § 502(a)(1)(B) "speaks of '*enforc[ing]*' the 'terms of the plan,'" such that a court cannot grant relief under that section by changing the plan terms. *CIGNA Corp. v. Amara*, 563 U.S. 421, 436 (2011) (emphasis in original). As set forth in United's Motion (Mot. at 8-12), however, Plaintiffs have not plausibly alleged any further entitlement to benefits.

 Plaintiffs argue the Complaint refers to specific Plan provisions that United allegedly violated. (Opp. at 5.) However, Plaintiffs fail to plausibly allege facts showing their claims are payable under the Plan terms. It is undisputed that Plan benefits are only available under the Plan for Covered Health Care Services, as defined by the Plan. (Jackson Decl. (ECF No. 26-1), Ex. A, p. 64, Ex. B, p. 64.) If a service does not qualify as a Covered Health Care Service, there is no coverage and, therefore, no entitlement to benefits or reimbursement. (*Id*.) This requirement dooms Plaintiffs' claims. For Wingate, the Plan excludes Alternative Treatments, which includes "adventure-based therapy, wilderness therapy, outdoor therapy, or similar programs." (Jackson Decl., Ex. A, p. 25, Ex. B, p. 25.) Defendants reasonably exercised discretion and concluded that

the services at Wingate were non-covered Wilderness therapy.[1] For Discovery, the at-issue services were not covered because they were out-of-area, out-of-network, non-emergency services.[2] (Jackson Decl., Ex. A, p. 36 ¶ 11 (excluding such treatment without prior authorization), Ex. B, p. 36 ¶ 12.) Plaintiffs argue that a lack of prior authorization should have resulted in a reduction of the allowed amount by 50%, not a denial of coverage. (Opp. at 6.) This is incorrect. The Plan entirely *excludes* a wide swath of non-emergent, out-of-area, out-of-network claims absent prior authorization. (Jackson Decl., Ex. A, p. 36 ¶ 11, Ex. B, p. 36 ¶ 12.) Conversely, Plaintiffs rely on the *schedule of benefits* for *covered* out-of-network services. (*See* Jackson Decl., Ex. A, Schedule of Benefits, pp. 1, 23, Ex. B, Schedule of Benefits, pp. 1, 23.) But the fact that *covered* services without prior authorization are paid at a lower rate than authorized services does not create coverage for *excluded* services where none exists. Because Plaintiffs did not obtain prior authorization for Discovery, B.M.'s treatment was not covered.[3]

Despite this, Plaintiffs argue that plan exclusions are affirmative defenses and thus an invalid basis for dismissal. (Opp. at 7.) But Plaintiffs' cases do not prevent dismissal here. Plaintiffs primarily rely on *Morera v. UnitedHealthcare Ins. Co.*, 757 F. Supp. 3d 1308, 1312 (S.D. Fla. 2024), *Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 599-600 (11th Cir. 2019), and *Prelutsky v. Greater Ga. Life Ins. Co.*, 692 F. App'x 969, 972 (11th Cir. 2017).

---

[1] *See* Compl. ¶ 28 (citing United's November 28, 2023, letter explaining United determined that Wilderness Therapy was "unproven and not medically necessary").

[2] *See* Compl. ¶ 42 (citing United's December 29, 2022, letter expressly relying on "plan exclusion for non-emergent care at out of network out of area mental health" facility residential level of care form 12/20/2022 forward."); *see also id.* ¶ 51 (citing 1/5/23 letter reiterating denial rationale); *id.* ¶ 52 (citing 7/3/23 letter noting that Plan does not cover these services).

[3] Plaintiffs argue that Defendants' Motion misrepresents facts to support the case for dismissal. (Opp. at 5-7.)  This is incorrect. As noted *supra*, Plaintiffs fail to plausibly support their benefit claims and they misread the Plan's prior authorization terms. Similarly, as noted *infra*, § III.B, Plaintiffs' Parity Act claims fail for lack of facts allowing a plausible inference of a violation.

*Garcon* and *Prelutsky* note that insurers must prove an applicable plan exclusion prevents coverage—not that a reliance on plan exclusions prevent dismissal. Indeed, *Garcon* affirmed judgment on the pleadings in favor of the insurer—which has the same standard as a motion to dismiss—on the basis that the plaintiff's claim was barred by an exclusion for injuries compensable by workers' compensation. 779 F. App'x at 600; *see also Prelutsky* 692 F. App'x at 975 (insurer was entitled to summary judgment because "GGL's determination that Prelutsky's claim was barred by the Intoxication Exclusion was supported by reasonable grounds").

Similarly, *Morera* emphasized that a plaintiff need not negate affirmative defenses, 757 F. Supp. 3d at 1312, but Plaintiffs overlook that dismissal is proper when an affirmative defense "clearly appears on the face of the complaint." *Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 976 (11th Cir. 2015) (quoting *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984)); *see also Alfredo Murciano, M.D. P.A. v. Cigna Health & Life Ins. Co.*, No. 23-CV-22885-RAR, 2024 WL 2797393, at *5 (S.D. Fla. Jan. 11, 2024) ("[A] complaint may be subject to dismissal for failure to state a claim—based on an affirmative defense—only when the affirmative defense appears on the face of the complaint.") (citations omitted); *Garcon*, 779 F. App'x at 600 n.5 ("[D]istrict court made no error by looking to the plan document without converting the motion for judgment on the pleadings to a motion for summary judgment because the document 'is central to one of the claims and its authenticity is undisputed.'") (citation omitted). Here, the Plan exclusions—and the factual bases supporting United's denials—are properly before the Court, so dismissal is proper.[4]

Plaintiffs' argument is particularly misplaced in the ERISA context where this Court is reviewing United's determination. *See Vaughn v. Aetna Life Ins. Co.*, No. 1:16-CV-1107-WSD,

---

[4] Indeed, Plaintiffs' Complaint cites to United's denial rationales. *Supra* n.2, 3.

2018 WL 2266909, at *8 (N.D. Ga. May 17, 2018) (courts review ERISA determinations based on "the record that was before the plan administrator at the time the denial of benefits") (citation omitted). While a defendant must generally prove a policy exclusion prevents coverage, a plaintiff still has the burden of proving an entitlement to benefits. *Id.* at *6 (relying on *Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038, 1040 (11th Cir. 1998)). And given that this Court is reviewing United's determinations, Plaintiffs cannot simply pretend that the determinations (including their reliance on Plan exclusions) do not exist for purposes of a motion to dismiss. Rather, the record demonstrates a lack of coverage, so Plaintiffs' claims fail.

> **2.**   ***Alleged procedural violations do not entitle Plaintiffs to benefits.***

Plaintiffs claim that Defendants failed to provide a full and fair review fails because Plaintiffs do not plausibly allege entitlement to benefits as to the services at issue and because United fully considered the relevant evidence in denying the benefit claims pursuant to the Plan terms. *See R.J. & B.J. v. BlueCross BlueShield of Tex.*, No. 23-cv-00177, 2024 WL 1257524, at *6 (D. Colo. Mar. 25, 2024) ("Because plaintiffs have failed to plausibly assert that they were entitled to benefits under the Plan, their allegations that BlueCross did not provide a full and fair review of their claim or provide requested documents also fail to state a claim on which relief can be granted."). ERISA is designed only to protect "contractually defined benefits" and, as a result, Plaintiffs cannot create coverage where the Plan does not provide it. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 830 (2003) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989)). Although the procedures used to determine coverage are relevant to the standard of review of a claim denial, Plaintiffs' allegations that United failed to provide a full and fair review cannot create coverage where none exists. *See Gagliano v. Reliance Standard Life Ins. Co.,* 547 F.3d 230 (4th Cir. 2008) (procedural violation does not

provide a plaintiff with a substantive remedy if there is no entitlement to benefits under the terms of the plan); *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV174600FLWDEA, 2018 WL 1420496, at *14-15 (D.N.J. Mar. 22, 2018) (explaining failure to fulfill procedural requirements generally does not give rise to a substantive damage remedy). Because the services are not covered under the Plan, Plaintiffs' full and fair review allegations do not plausibly state a claim.[5] Additionally, the Eleventh Circuit requires substantial rather than strict compliance with ERISA's notice provisions, *i.e.* that sufficient information be provided for a plaintiff to understand the plan administrator's position so that an appeal would be effective. *Blair v. Metro. Life Ins. Co.*, 955 F. Supp. 2d 1229, 1245 (N.D. Ala. 2013), *aff'd*, 569 F. App'x 827 (11th Cir. 2014). Here, United's denials stated the specific denial reasons (and the relevant Plan provisions) relied on, meeting this standard. *See also supra* n.2, n.3.

Plaintiffs nevertheless argue (Opp. at 8.) that United allegedly 1) failed to provide Plaintiffs with a full and fair review (Opp. at 9), 2) failed to provide adequate notice as to why benefits were denied under the Plan (Opp. at 11), 3) relied on arguments not articulated in denial letters (Opp, at 12), and 4) failed to identify what objective evidence could have or should have been produced (Opp. at 12). These arguments are incorrect. Plaintiffs argue that United failed to engage in an appropriate dialogue by not addressing their arguments that the B.M.'s Wingate treatment was not experimental and that Wingate was an "Alternate Facility" rather than

---

[5] Plaintiffs also argue (Opp. at 13-14) that United made "material misrepresentations" and "lied and misled Plaintiffs" which was allegedly a "breach of [United's] fiduciary duties." But Plaintiffs do not allege a claim for breach of fiduciary duty related to the claims process and in any case alleged breaches in the claims process cannot entitle them to benefits that the Plan does not authorize. *See Sami v. Guardian Life Ins. Co. of Am.*, No. 23-CV-20168, 2024 WL 3495322, at *5 (S.D. Fla. July 22, 2024); *Harris v. Pullman Standard, Inc.*, 809 F.2d 1495, 1499 (11th Cir. 1987). Additionally, United informed Plaintiff in multiple EOBs that the Plan did not cover the therapy service or associated expense (Compl. ¶ 14) and responded to Plaintiffs' appeal explaining B.M.'s treatment was not covered due to the wilderness exclusion. (Compl. ¶ 28.)

wilderness therapy (including not providing a substantive response to the second-level appeal). (Opp. at 10.) Plaintiffs overlook, however, that the Plan itself excludes "wilderness therapy, outdoor therapy, or similar programs," (Jackson Decl., Ex. A, p. 25 § 2.A.6.) and United expressly relied on the exclusion in denying Plaintiffs' claim, (Compl. ¶ 28). "Putting aside the fact that the facility is named 'Wingate Wilderness Therapy,'" *Vickie B. v. Anthem Blue Cross & Blue Shield*, No. 1:25-CV-3054-MLB, 2026 WL 146545, at *3 (N.D. Ga. Jan. 20, 2026), one of Plaintiffs' supporting letters—part of the information that United allegedly disregarded—notes that "Wingate is an experiential, outdoor behavioral health program." (Compl. ¶ 36.) Similarly, even if Wingate were an "Alternate Facility," this is irrelevant where an exclusion precludes coverage. (*See* Mot. at 6, 10.) Thus, although United did not substantively respond to Plaintiffs' second level appeal, they do not plausibly allege that United failed to fully consider their claims.

Plaintiffs' argument that United improperly made new arguments in its Motion and thus failed to give adequate notice of the bases for denial is also without merit. (Opp. at 11-12.) As to Discovery, United told Plaintiffs that the Plan does not cover out-of-area, out-of-network, non-emergency services. (Compl. ¶ 42; Jackson Decl., Ex. A, p. 36, Ex. B, p. 36.) And it advised Plaintiffs that the Wingate services were non-covered Wilderness therapy. (*See* Compl. ¶ 28.) United's references to additional Plan provisions merely illustrated Plaintiffs' failure to allege entitlement to coverage. Indeed, despite alleging that out-of-network services required prior authorization, (Compl. ¶ 53), Plaintiffs failed to plead facts demonstrating such precertification. Thus, United expressly provided Plaintiffs with the bases for the denials. *See also supra* n.2, n.3.

Plaintiffs also rely on *Melech v. Life Ins. Co. of N. Am.*, 739 F.3d 663, 676 (11th Cir. 2014), *Boysen v. Ill. Tool Works Inc.*, 767 F. App'x 799, 806 (11th Cir. 2019), and *Harris*, 809 F.2d at 1499. But these cases do not authorize benefits not provided by a plan. *Melech* required

further analysis of the benefit claim because the administrator did not make a benefits decision based on a complete administrative record. 39 F.3d at 676. Similarly, *Boysen* remanded to the district court because an administrator "cannot refuse to consider key relevant information, or to investigate further when faced with potentially conflicting evidence." 767 F. App'x at 811. Here, despite any alleged procedural deficiencies, United considered all relevant information and the Plan does not entitle Plaintiffs to benefits. Further, although *Harris* stated that "the quantity of an employer's procedural violations may work a substantive harm," it did so in the context of affirming a judgment that rejected the administrator's interpretation of the plan. 809 F.2d at 1499.  And it expressly noted "ordinarily, violations of ERISA's procedural requirements do not entitle a claimant to substantive relief." *Id*. Plaintiffs also argue, citing *Creel v. Wachovia Corp.*, No. 08-10961, 2009 WL 179584 (11th Cir. Jan. 27, 2009), that an adverse benefit determination is unreasonable if it fails to identify the evidence a plaintiff should have produced. (Opp. at 12.) Here, however, Plaintiffs' allegation confirm a lack of coverage. Plaintiffs cannot obtain benefits by disregarding the Plan terms.[6]

### B. Plaintiffs fail to plausibly allege a Parity Act violation.

Plaintiffs' Parity Act claims fail because the Plan did not treat medical/surgical and mental health benefits differently and Plaintiffs failed to plausibly allege any way in which the Plan treats medical/surgical claims more favorably than mental health claims. (Mot. at 12-18.)

Plaintiffs' arguments that they plausibly allege disparate treatment are unavailing. *First*, Plaintiffs argue United adheres to generally accepted standards of medical practice in processing

---

[6] Plaintiffs' argument (Opp. at 8-9) that United failed to address the question of procedural defects and cannot do so in reply fails for two reasons. *First*, the alleged procedural defects here cannot create nonexistent coverage. *Second*, responding to Plaintiffs' arguments regarding procedural defects entitling them to benefits is precisely the rebuttal appropriate for a reply brief.

medical/surgical claims but not for comparable mental health claims (Opp. at 6) and that the Plan thus denied coverage for mental health services when analogous medical/surgical claims would be paid. (Compl. ¶ 78). But Plaintiffs ignore (1) that the Plan's Alternative Treatments exclusion provision is not limited to mental health services and (2) that the Plan excludes coverage of experimental or investigative services for both mental health and medical/surgical services. (*See* Mot. at 15.) *Second*, Plaintiffs allege that United has a blanket exclusion for certain wilderness treatment billing codes, but not for any codes pertaining to certain in-network medical facilities. (Compl. ¶¶ 79–80.) Plaintiffs fail to demonstrate any disparate treatment as to analogous *services* and ignore that the Plan excludes alternative, investigative or experimental treatment for both mental health and medical/surgical services. *Third*, Plaintiffs argue United and the Plan failed to provide a comparable degree of network residential treatment facilities compared to the degree of network skilled nursing and inpatient rehabilitation facilities, which resulted in a coverage disparity. (Compl. ¶¶ 80–81.) But Plaintiffs fail to allege the feasibility of such a network.[7]

Instead of plausibly alleging impermissible distinctions, Plaintiffs argue that United "seeks to impose a heightened standard of pleading without justification." (Opp. at 15.) To the contrary, United's Motion, (Mot. at 12 -18), argues simply that Plaintiffs fail to plausibly allege any material differences in treatment between the types of claims. This is the standard burden for pleading Parity Act claims. *See*, *e.g.*, *Michael M. v. Nexsen Pruet Grp. Med. & Dental Plan*, No. 18-00873, 2021 WL 1026383, at *10–11 (D.S.C. Mar. 17, 2021) (in as-applied challenge, a plaintiff must demonstrate that plan applies the "processes, strategies, evidentiary standards, or other factors" in a more stringent manner to the at-issue mental health benefits); *Welp v. Cigna*

---

[7] Plaintiffs also argue that their administrative appeals set forth theories of MHPAEA liability. (Opp. at 7). This does not excuse their failure to plead sufficient facts in the Complaint.

9

*Health & Life Ins. Co.*, No. 17-80237, 2017 WL 3263138, at *5–6 n.11 (S.D. Fla. July 20, 2017) (in facial challenge plaintiffs must identify a plan limitation and compare it to limitations imposed (or not imposed) on analogous medical or surgical services).

Plaintiffs further argue the details allegedly missing from their Parity Act claim are not available to them and that their allegations are as detailed as possible. (Opp. at 15-16.) This is incorrect and irrelevant. Plaintiffs concede that they must allege sufficient facts to demonstrate that they are not on a fishing expedition, but they do not explain how their conclusory allegations meet this standard. (Opp. at 15 & n.60 (citing *Abira Med. Lab'y  v. WellCare Health*, No. 8:24-CV-1278-MSS-NHA, 2025 WL 2577187, at *16 (M.D. Fla. July 22, 2025)); *H.H. v. Aetna Ins. Co.*, 342 F. Supp. 3d 1311, 1321 (S.D. Fla. 2018) (although "Plaintiffs need not have proof of the specific processes that Aetna allegedly uses to deny coverage to residential treatment facilities, Plaintiffs must still include some factual allegations to lend support to their claim").

Plaintiffs also argue (Opp. at 15 n.63) that United improperly withheld compliance data that would demonstrate a violation, but Plaintiffs apparently do not dispute that the compliance analysis regulations did not require United to provide that data to Plaintiffs. Moreover, although Plaintiffs contend (Opp. at 15 n.63) that the alleged failure to provide a compliance analysis fell short of "broader fiduciary duties," they cite no authority requiring production.[8] Thus, Plaintiffs' claim boils to down to the contention that they can state a Parity Act violation by asserting that United has not proven compliance. This is not the law—rather, Plaintiffs must allege *facts* sufficient to support a claim for relief. Accordingly, the Parity Act claims fail.

## III.   CONCLUSION

The Court should dismiss Plaintiffs' Complaint in its entirety, with prejudice.

---

[8] The lack of any such obligation dooms Plaintiffs' demand for the reports. *See* Compl. ¶ 86(i).

Date: February 20, 2026

Respectfully submitted,

UNITEDHEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH

By:  */s/ James J. Swartz. Jr.*
    James J. Swartz, Jr.
    Florida Bar No. 59565
    jswartz@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, Georgia 30309-3958
    Telephone:  (404) 885-1500
    Facsimile:  (404) 892-7056

    Amanda L. Genovese (*pro hac vice* forthcoming)
    agenovese@seyfarth.com
    SEYFARTH SHAW
    620 Eighth Avenue
    32nd Floor
    New York, NY 10018-1405
    Telephone:  (212) 218-5621

    Ada W. Dolph (admitted *pro hac vice*)
    adolph@seyfarth.com
    SEYFARTH SHAW
    233 South Wacker Drive, Suite 8000
    Chicago, IL 60606-6448
    Telephone:  (312) 460-5977

    *Attorneys for Defendants*
    *UnitedHealthcare Insurance Company*
    *and United Behavioral Health*

## CERTIFICATE OF SERVICE

I certify that on February 20, 2026, I filed the foregoing Reply in Support of Motion to Dismiss Plaintiffs' Complaint with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

*/s/ James J. Swartz, Jr.*
James J. Swartz, Jr.
